FILED

2012 JUL 12  AM 10: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Mahdad Zand

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CV12-5997—AJW

| | |
|---|---|
| **MAHDAD ZAND,** | **Case No.:** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)** |
| v. | |
| **MICHAEL & ASSOCIATES,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

///
///
///
///

**INTRODUCTION**

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.   MAHDAD ZAND ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of MICHAEL & ASSOCIATES ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to

1  avoid any such violation.

2  7.  Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all

3  agents, employees, officers, members, directors, heirs, successors, assigns, principals,

4  trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

5  **JURISDICTION AND VENUE**

6  8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k.

7  9.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act,

8  15 U.S.C. §§ 1692-1692(p) ("FDCPA").

9  10. Because Defendants do business within the State of California, personal jurisdiction is

10  established.

11  11. Venue is proper pursuant to 28 U.S.C. § 1391.

12  **PARTIES**

13  12. Plaintiff is a natural person who resides in the City of Los Angeles, County of Los Angeles,

14  State of California.

15  13. Defendant is located in the City of Thousand Oaks, in the State of California.

16  14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term

17  is defined by 15 U.S.C. §1692a(3).

18  15. Defendants are persons who use an instrumentality of interstate commerce or the mails in a

19  business the principal purpose of which is the collection of debts, or who regularly collect

20  or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due

21  another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §

22  1692a(6).

23  16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt

24  which was due and owing or alleged to be due and owing from Plaintiff, and is a

25  "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26  ///

27  ///

28  ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California in the County of Los Angeles.

19. In or about 1997, Plaintiff allegedly incurred financial obligations to the original creditor, American Express Centurion Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(6).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. Subsequently, but before February 13, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about February 13, 2012, Plaintiff received a written communication via letter from Defendant regarding the alleged debt. This letter was a "communication" as 15 U.S.C. § 1692a(2) defines that term.

23. Upon receipt of the initial letter informing Plaintiff of the alleged debt, Plaintiff disputed the validity of the alleged debt via facsimile on or about March 6, 2012, in accordance with 15 U.S.C. § 1692g(b).

24. Pursuant to the terms of 15 U.S.C. § 1692g(b) Defendant was required to cease all collection activity, including the filing of a lawsuit with regard to Plaintiff's alleged debt, until Defendant provided Plaintiff with verification of the alleged debt.

25. Despite this requirement, Defendant continued Defendant's collection activity upon Plaintiff's alleged debt by filing a lawsuit against Plaintiff in the Beverly Hills Courthouse, County of Los Angeles on March 7, 2012, case number 12C00822. Such conduct constitutes a violation of 15 U.S.C. § 1692g(b).

///
///

26. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. § 1692g(b).

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

[Against All Defendants]

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

29. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///
///
///
///
///
///
///
///
///
///
///

1

**PRAYER FOR RELIEF**

2

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

3      • an award of actual damages, in an amount to be determined at trial, pursuant to 15

4         U.S.C. § 1692k(a)(1), against each named Defendant individually;

5      • an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

6         1692k(a)(2)(A);, against each named Defendant individually;

7      • an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C.

8         § 1692k(a)(3), against each named Defendant individually; and,

9      • Any and all other relief that this Court deems just and proper.

10

Dated: July 9, 2012                              Respectfully submitted,

11

12

                                   **KAZEROUNI LAW GROUP APC,**
13

14                                 By:   /s/ Matthew M. Loker
                                         MATTHEW LOKER, ESQ.
15                                       ATTORNEY FOR PLAINTIFF

16

**TRIAL BY JURY**

17

18   30.   Pursuant to the seventh amendment to the Constitution of the United States of America,

19         Plaintiff is entitled to, and demands, a trial by jury.

20

Dated: July 9, 2012                              Respectfully submitted,

21

22                                 **KAZEROUNI LAW GROUP APC,**

23

24                                 By:   /s/ Matthew M. Loker
                                         MATTHEW LOKER, ESQ.
25                                       ATTORNEY FOR PLAINTIFF

26

27

28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705