```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION


                       CIVIL MINUTES--GENERAL
```

Case No. CV 12-5997 AJW                    Date: April 17, 2014

Title: <u>MAHDAD ZAND v. MICHAEL AND ASSOCIATES</u>
====================================================================
PRESENT:  **HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

    <u>   Ysela Benavides   </u>      <u>                      </u>
      Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:
      None Present                    None Present


**ORDER REGARDING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 15 U.S.C. § 1692k(a)(3)**

Plaintiff seeks an award of $20,487.50 in attorneys' fees and $480.00 in costs.

Plaintiff's total attorneys' fees were $29,942.00, of which $9,454.50 have been waived. [Plaintiff's Memorandum at 9, 11 & n.14]. ("The fees incurred by Mr. Kazerounian and Mr. Swigart have been waived for purposes of this action.").

The scope of the parties disagreement is narrow. Defendant does not object to the costs sought by plaintiff in the amount of $480.00. [Defendant's Opposition at 11]. Defendant does not dispute the reasonableness hourly rate sought by plaintiff's counsel Loker. [Defendant's Opposition at 3]. Defendant also does not dispute the fact that plaintiff is the prevailing party. [Defendant's Opposition at 3]. Instead, defendant merely disputes the reasonableness of the hours expended by plaintiff's counsel. Specifically, defendant contends that the 74.5 hours expended by plaintiff's counsel is excessive and that plaintiff's counsel should have expended no more than 29 hours. [Defendant's Opposition at 6].

The court, of course, has consulted the relevant statute, <u>see</u> 15 U.S.C. § 1692k(a)(3)(authorizing award of "the costs of the action, together with reasonable attorney's fees"....), and the controlling case law. <u>See</u>, <u>e.g.</u>, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Kerr v. Screen Guild Extras</u>, 526 F.2d 67, 70 (9th Cir. 1975).

Considering all the circumstances, defendant's contentions are rejected. True, the amount of damages recovered by plaintiff was modest, just $1,001.00, and approximately 1/20 of the amount of attorneys' fees sought by plaintiff. However, plaintiff has provided examples of cases in which courts awarded an amount of attorneys' fees similar to that requested by plaintiff even though the plaintiff in those cases received only modest amounts of damages.  Further, neither plaintiff nor defendant seems to have adopted a constructive approach toward settlement early in this case.  The failure of the parties to settle earlier, though regrettable, is not entirely plaintiff's fault.  Finally, although it is usually possible to argue that a case might have been litigated more efficiently, the hours expended by plaintiff's counsel do not appear to be duplicative, unnecessary, or otherwise inappropriate.  In sum, although the amount of attorneys' fees sought by plaintiff approaches the upper bound of reasonableness, it does not exceed it.

Plaintiff's motion is **granted**.  Plaintiff is awarded $480.00 in costs and $20,487.50 in attorneys' fees.  Payment within 14 days is required.

If plaintiff chooses to apply for a further award of attorneys' fees for preparation of a reply in support of this motion, the court will consider it.[1]  Such fees are generally recoverable.  On the other hand, plaintiff already has been well-compensated for the attorneys' fees incurred in this case, and requesting an additional sum might be overreaching.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

---

[1]  Since there was no hearing on this motion, plaintiff has not incurred the previously projected costs. [See Plaintiff's Memorandum at 18].